IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDGAR DeJESUS,<br>    PLAINTIFF,<br><br>v.<br><br>BEACON RECOVERY GROUP, LLC, and<br>JASON GAROFALO, individually,<br>    DEFENDANTS | CASE NO.: _____ |

## COMPLAINT AND JURY DEMAND

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by Beacon Recovery Group, LLC ("BRG") and Jason Garofalo ("Garofalo").

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that defendants transact business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this District.

1

## PARTIES

6. Plaintiff, Edgar DeJesus ("Plaintiff"), is an adult individual residing in Luzerne County, Pennsylvania.

7. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

8. BRG is a New York business entity with its principal place of business in Lockport, New York according to its filings with various secretaries of state.

9. As will be described below, BRG received placement of a past due account and attempted to collect that account from Plaintiff.

10. The principal purpose of BRG is the collection of debts using the mails and telephone and other means.

11. BRG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

12. BRG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Garofalo is an adult individual residing at 8445 Tonawanda Creek Rd., East Amherst, NY 14051.

14. On information and belief Garofalo is an owner and/or officer of BRG.

15. On information and belief, Garofalo directs the policies and procedures of the employees of BRG.

16. Garofalo is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. Garofalo is personally responsible for the claims set forth below because he is a corporate officer of BRG and personally conducted BRG's affairs in an illegal and criminal manner. *See Branin v. TMC Enterprises, LLC*, 832 F. Supp. 2d 646, 651 (W.D. Va. 2011).

## FACTUAL ALLEGATIONS

18. At some time in the past, plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). Specifically, plaintiff believes the account was a payday loan obtained from ACE Cash Express to pay for various personal effects, but was not used for any business or commercial purposes.

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account allegedly went into default with the original creditor, ACE Cash Express.

21. After being purchased by a debt buyer, the Account was placed with, or otherwise transferred to, BRG and Garofalo for the purpose of collecting the Account from Plaintiff.

3

22. Plaintiff admits the existence of the Account, but disputes the amount Defendants attempted to collect from him.

23. Plaintiff requests that all defendants cease all further communications regarding the Account.

24. In the one year prior to the filing of this complaint, a BRG employee using the name "Dana Reeves" called Plaintiff and told him that she was a process server and that she was trying to find him to serve him with a lawsuit related to a past-due account.  She asked him if he would be home the next day between 3:00 and 5:00 pm.  She told him that if he wanted to avoid the lawsuit, he could call BRG to discuss resolution.

25. Plaintiff called BRG immediately and was told by a different employee that the only way to stop the process server from finding him and serving him would be to immediately set up payments to repay the Account.  He was also told in this phone call that if he did not make arrangements for repayment before the process server got to him "tomorrow" there would be nothing BRG could do to help him and that he would be liable for three times the amount owed on the Account.

26. When Plaintiff did not call back the next day early enough, BRG called Plaintiff and left the following voicemail:

> This message is solely intended for Edgar De Jesus. My name again is Dana Reeves. As of this time, I have not received a

4

status change from the filing office, so I will be delivering your documents today, Thursday, August 22nd, either to your residence or place of employment - I'm sorry, today's Wednesday - um, either to your residence or place of employment, between the hours of 3:00 and 5:00 p.m. It is imperative that you contact filing company directly with any further questions or concerns at 866-924-0934. Provide file number B as in bravo, G as in golf, 823941. Otherwise, I'll be out to see you this afternoon and I ask that you please have a valid form of photo ID when signing for your documents. Thank you.

27. The communications described above were false, misleading and deceptive communications as the BRG employee that called him was not a process server, she was not trying to serve him with a lawsuit and he had not been sued. Further, the statements made by a second BRG employee were also false in that he did not have only until the next day to repay the account to avoid becoming liable for triple the amount owed on the Account. Also, there was no one "delivering [Plaintiff's] documents today" and there was no lawsuit against Plaintiff as was implied by the context of the voicemail with the use of the language "filing office" and "filing company" and "file number B as in bravo, G as in golf, 823941" and "have a valid form of photo ID when signing for your documents."

28. These communications also falsely implied that BRG was a law office and/or employed lawyers to collect debts.

29. The communications described in the paragraphs above would cause the least sophisticated consumer to believe that he would be sued and have a judgment entered against him if he did not immediately repay the Account and that BRG was a law firm and/or employed lawyers to collect debts.

30. At the time BRG made the statements detailed above, no company had any intent to sue Plaintiff on the Account, did not sue him for failing to pay the Account by the next day was not a law firm and did not have any lawyers working to collect the Account.

31. Additionally, in one or more communications with Plaintiff, BRG failed to inform plaintiff that it was a debt collector, that it was attempting to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

32. All of the defendants in this matter failed to ever provide plaintiff with notice of Plaintiff's right to dispute the debt and/or request validation of the debt and BRG's false deadline of one day to make arrangements to repay the debt overshadowed Plaintiff's right to dispute the debt and/or request validation of the debt within 30 days.

33. In one or more telecommunications with Plaintiff, BRG failed to provide meaningful disclosure of its identity to Plaintiff.

34. The collection practices used by BRG caused plaintiff to suffer fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

35. The sole purpose for making the statements described above was to intimidate plaintiff into making a payment on the Account.

36. The purpose BRG had for calling plaintiff was to attempt to collect the Account.

37. The only reason that BRG and its representative(s), employee(s) and/or agent(s) made telephone call(s) to plaintiff was to attempt to collect the Account.

38. The only reason that BRG and its representative(s), employee(s) and/or agent(s) had telephone conversation(s) with plaintiff was to attempt to collect the Account.

39. The telephone calls described above each constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

40. During all times pertinent hereto, Garofalo (a) created the collection policies and procedures used by BRG and its employees and agents, in connection with its efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of BRG and its employees and agents, (c) oversaw the application of the collection policies and procedures

used by BRG and its employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by BRG and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by BRG and its employees and agents in connection with its common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by BRG and its employees and agents in attempts to collect an alleged debt from plaintiff as alleged in this complaint.

41. All of the conduct by BRG and/or Garofalo and their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

42. As a consequence of Defendants' collection activities and communication(s), plaintiff seeks damages and attorneys fees and costs pursuant to 15 U.S.C. § 1692k.

## **RESPONDEAT SUPERIOR**

43. The representative(s) and/or collector(s) at BRG were employee(s) and/or agents of BRG at all times mentioned herein, they acted within the scope

and course of their employment at all times mentioned herein, they were under the direct supervision and control of BRG at all times mentioned herein and their actions are imputed to their employer, BRG.

44. The actions and inactions of the employee(s) and/or agents of BRG are imputed to Garofalo.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq.

45. The previous paragraphs are incorporated into this Count as if set forth in full.

46. The act(s) and omission(s) of BRG and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(2)&(3)&(5)&(8)&(10)&(11)& (13) and §1692g(a).

47. By influencing and/or controlling and/or ratifying and/or profiting from the conduct of BRG and its representative(s), employee(s) and/or agent(s), Garofalo is liable to Plaintiff for violations by BRG for violations of 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(2)&(3)&(5)&(8)&(10)&(11)&(13) and §1692g(a).

48. Pursuant to 15 U.S.C. §1692k plaintiff seeks damages, reasonable attorney's fees and costs from BRG and/or Garofalo.

## COUNT II:  INVASION OF PRIVACY
## (INTRUSION ON SECLUSION)

49. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, BRG and Garofalo are liable to plaintiff for invading Plaintiff's privacy (intrusion on seclusion).  BRG and Garofalo intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

50. Plaintiff suffered actual damages from BRG and Garofalo as a result of the intrusion on Plaintiff's privacy.

## JURY TRIAL DEMAND

51. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following:

52. Judgment in favor of plaintiff and against BRG and Garofalo, jointly and severally, as follows:

    a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Patrick J. Best
Patrick J. Best
PA ID 309732
18 N. 8th Street
Stroudsburg PA 18360
Ph: 570-420-7431
Fax: 484-544-8625
patrick@armlawyers.com